**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Tara Allred Dahle as personal representative of the Estate of James Clarence Allred, | ) ) ) | Civil Action No.: 0:14-CV-0265-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER APPROVING SETTLEMENT** |
| Lifewatch Services, Inc. d/b/a LifeWatch, | ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on the 10th day of February 2015, pursuant to South Carolina Code Annotated sections 15-51-41, 15-51-42 and 62-3-715(24), and upon the Verified Petition for Approval of Settlement ("Petition") of Tara Allred Dahle, as Personal Representatives of the Estate of James Clarence Allred, deceased (hereinafter, "Deceased"), for an Order approving and confirming the final settlement of the above-captioned wrongful death action, and dismissal of same.

At her request and based on the consent of counsel for Defendant Lifewatch Services, Inc. d/b/a LifeWatch ("LifeWatch"), the Court allowed Petitioner Tara Allred Dahle, Personal Representative ("Petitioner"), to appear at the hearing via telephone conference call. Her attorney, Benjamin Baroody, appeared before the Court in person, along with Brian A. Comer, counsel for LifeWatch. Petitioner Tara Allred Dahle provided testimony to the Court.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of these claims, I find the following facts:

1.      That Petitioner Tara Allred Dahle has been duly appointed as the Personal Representatives of the Estate of the Deceased by the Probate Court of Wake County, North Carolina;

2.      That Petitioner Tara Allred Dahle is duly authorized to seek approval of this matter;

3.      That the instant action alleges that the Deceased died on July 8, 2011 when he went into cardiac arrest in York County, South Carolina.

4.      That the Deceased left one surviving beneficiary, his daughter Tara Allred Dahle. The Deceased was married to Sheila Coley Allred until January 1, 2011, when she passed away. Therefore, Tara Allred Dahle is the only statutory beneficiary.

5.      That this compromised settlement is made pursuant to a negotiated agreement between Petitioner and LifeWatch, as set forth in the Petition, and settlement documents are prepared and ready for execution by the Personal Representative;

6.      That all interested persons or their representatives were duly notified, and have been duly informed, of the matters set forth in the Petition;

7.      That Petitioner Tara Allred Dahle testified to and affirmed all matters contained in the Petition;

8.      That Petitioner Tara Allred Dahle acknowledged that attorneys for the Estate of the Deceased are entitled to attorneys' fees and costs as set forth in the Settlement Statement attached to and incorporated into the Petition;

9.      That there exists between Petitioner and LifeWatch a legitimate controversy, and that this agreement for compromise is just, reasonable, and adequate under the circumstances of

this case, and that it is in the best interest of those persons represented by the Personal Representative of the Estate of the Deceased;

10.     That this settlement has been reached in good faith; and

11.     That it appears that Petitioner understands that the payment set forth in the Petition is made in exchange for release of all claims as between Petitioner and LifeWatch, and in exchange for dismissal of this action.

**IT IS THEREFORE ORDERED:**

1.     That the compromise as recited in the Petition be and hereby is approved as a fair, just and reasonable resolution of the contest and controversy;

2.     That Petitioner Tara Allred Dahle, as Personal Representative of the Estate of the Deceased, stated and I so find that she understands all matters raised at the hearing, and that she had no questions or concerns about any matter.

3.     That Petitioner Tara Allred Dahle, as Personal Representative of the Estate of the Deceased, is hereby directed, empowered, and authorized to execute such settlement agreements and other documents as may be required to fully effectuate the compromise or settlement agreement herein approved by the Court.

4.     That the release to be signed by Petitioner will be for any and all claims between the parties in this action, and it will bind the statutory beneficiaries of and the Estate of the Deceased, and his heirs, successors and assigns to the terms thereof, and it will discharge any obligation of LifeWatch, as well as any affiliated business or employee or insurer therefore to make any further payment to anyone.

5.     That as consideration for Petitioner's execution of a settlement agreement, release, and/or other documents to fully effectuate the resolution of the contest and controversy,

3

LifeWatch will pay a settlement payment of Seventy Five Thousand and 00/100s Dollars ($75,000.00) to Petitioner.

6.      That pursuant to South Carolina Code Annotated section 15-51-42 and <u>Riley v. Ford Motor Co.</u>, 757 S.E.2d 422 (S.C. App. 2014), the settlement proceeds shall be allocated as set forth in the Petition, and the Court hereby approves the payment of attorneys' fees and costs in the amount set forth in the Settlement Statement attached to and made part of the Petition, and finds that the fees and costs are fair and reasonable under the circumstances.

7.      That the beneficiary as set out in the Petition is confirmed.

8.      That the net settlement proceeds, after deduction of attorneys' fees and costs, are to be distributed by Petitioner, as Personal Representative of the Estate of the Deceased, in connection with action as provided for under the governing law.

9.      That the claims of the Plaintiff in this action and of the Estate of James Clarence Allred are hereby dismissed with prejudice, with each party to bear its own fees and costs.

IT IS SO ORDERED.

February 10, 2015                    Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge